

$400

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Trevor Miller.                                    :
                                                  :
                                                  :
                                                  :       15 - 3357
               *Plaintiff,*                       :
                                                  :
vs.                                               :   Civil Action No. _____
                                                  :
Warren Hospital, IPA, P.A. and Christopher        :
Mann M.D.,                                        :       FILED
                                                  :
                                                  :       JUN 15 2015
               *Defendants.*                      :   MICHAEL E. KUNZ, Clerk
                                                  :   By_____ Dep. Clerk

_____

## COMPLAINT

This is a medical malpractice action brought by Plaintiff, Trevor Miller, alleging one or more negligent acts on the part of a hospital, its employees and agents, and a doctor. At the time of his birth in 1995, Trevor Miller's mother, Susan Miller, was suffering from an infectious disease which could –and did – affect her infant child at the time of his birth. That disease transmission is, and at the time was recognized to be, directly associated with a vaginal delivery and warrants the alternative delivery process recognized as Cesarean Section. Warren Hospital through its employees and doctors, knew, or should have known of Susan Miller's condition before the delivery of her child. Warren Hospital and Dr. Christopher Mann M.D. failed to take those steps necessary to prevent transmission of the disease to Trevor Miller. As a direct result of their negligence, Trevor Miller developed an infectious condition which has led to hydrocephalus. Trevor Miller's condition has continued for twenty years and has resulted in losses and harm, which are described in greater detail below.

2 pass
6/16/15

## PARTIES

1.      Plaintiff, Trevor Miller, is an adult individual and Citizen of the Commonwealth of Pennsylvania, who presently resides at 1922 Vintage Drive, Easton, PA 18045.

2.      Defendant Warren Hospital IPA, P.A. ("Warren Hospital") is a health care facility and professional association, organized and existing under the laws of the State of New Jersey. Warren Hospital is, and was at all relevant times, located at 185 Roseberry Street, Phillipsburg, N.J. 08865.

3.      Defendant, Christopher Mann M.D., is an individual and natural person who was licensed to practice medicine in the State of New Jersey at the time that he treated Trevor and Susan Miller.  Upon information and belief, Dr. Mann's current business address is 700 Coventry Dr., Phillipsburg, N.J. 08865.  At the time of Susan Miller's delivery and Trevor Miller's birth, Dr. Mann operated as an obstetrician and gynecologist at Warren Hospital.

4.      At all relevant times, Defendant, Warren Hospital acted by and through its agents, servants and employees, to include ostensible agents and persons under the control of Warren Hospital, whose relationship was/or may not have been not disclosed to Plaintiff.

5.      At all times relevant here to Defendant, Dr.  Christopher Mann was acting by and through agents, servants, employees and ostensible agents subject to his direction and control.

6.      This is a professional negligence action brought against a hospital and physician.

## JURISDICTION AND VENUE

7.      This action is brought in this Court based on the diversity of citizenship of the parties as provided for in 28 U.S.C. § 1332.

8.      Jurisdiction is proper in the U.S. District of New Jersey because Plaintiff is a resident of Pennsylvania, Warren Hospital is a citizen of New Jersey and Dr. Mann was a physician at Warren Hospital at the time of the relevant treatment

9.     Venue is proper because Trevor Miller is a resident of Easton, Pennsylvania, which is located within the Eastern District of Pennsylvania.

10.    Plaintiff did not attain his majority until June 16, 2013 and has until June 16, 2015 to bring a claim both under the law of New Jersey.

## FACTS

11.    In or about October of 1994, Susan Miller, mother of Trevor Miller. saw Defendant Mann, who determined that she was pregnant.

12.    Over the course of the next nine (9) months, Susan Miller was seen for routine prenatal checkups and care by Dr. Mann and/or other physicians in his medical group.

13.    On or about June 16, 1995, Susan Miller's water broke at approximately 3:00 a.m., Susan Miller was taken to Warren Hospital.

14.    Susan Miller was in labor for approximately fifteen (15) hours.

15.    At the outset of her labor and in accordance with the policy of Warren Hospital, a vaginal smear was obtained for the purpose of ascertaining whether or not Susan Miller was suffering from Group B Streptococcus ("Group B Strep") and whether there was meconium in her waters.

16.    From the vaginal smear during her labor, it was determined that Susan Miller had Group B Strep, and had meconium in her waters.

17.    It was well known at the time that the discovery of Meconium in a delivering mother's waters is a sign of risk for vaginal delivery and that infants, are highly susceptible to the transmission of Group B Strep infection as they traverse the vaginal canal during delivery.

18.    It was the standard of care for any mother diagnosed with Group B Strep to undergo a period of prophylactic intravenous antibiotics and/or a caesarian section so as to prevent the transmission of Group B Strep to the child.

19.    Group B. Step, in a neonate can result in catastrophic harm to him or her, including but not limited to hydrocephalus.

20.    Hydrocephalus is a condition of unwanted fluid on the brain which can cause numerous side severe symptoms, including brain damage, cognitive impairments, and even death.

21.    Despite the presence of infection, at the direction of Defendants, Trevor Miller was delivered vaginally and was not treated with any antibiotics.

22.    Dr. Mann and Warren Hospital were negligent in their decisions to deliver Trevor Miller vaginally and not to treat Susan Miller with antibiotics.

23.    Within hours of his delivery, Trevor Miller was diagnosed with Group B Strep.

24.    A nurse at Warren Hospital looked at Trevor Miller and said that Trevor might need to go the nursery because he was a "Group B Strep baby."

25.    Subsequent to this observation by the Warren Hospital nurse, Trevor Miller was visited by a pediatric doctor and nursing staff, who recommended that Trevor Miller be transferred to another hospital for further treatment.

26.    Trevor Miller was then transferred to Easton Hospital for the purposes of confirmatory diagnosis and treatment of his condition.

27.    AS a result of being vaginally delivered despite Susan Miller's Group B Strep and the presence of Meconium in her waters, Trevor Miller developed hydrocephalus; a condition which cause the retention of water on the brain.

28.     For twenty years, Trevor Miller has undergone repeated treatment for hydrocephalus and has developed cognitive and physical losses as a result of the hydrocephalus.

29.     During both his fourth grade and 11th grade academic years, Trevor Miller was required to miss more than a month of school, in order to receive surgery and neurological care due to his hydrocephalus.

30.     Defendants' negligence and Trevor Miller's resulting hydrocephalus has caused Mr. Miller physical pain, including frequent headaches, emotional distress, academic problems, difficulty concentrating in school, and a loss of earning capacity.

31.     In addition, Trevor Miller's hydrocephalus was treated with the placement of a "shunt", running from his brain to his abdominal cavity, which remains in place to date.

32.     Trevor Miller's hydrocephalus and his shunt prevented him from playing organized sports and from doing other recreational activities, such as dancing.

33.     As a direct and proximate result of the negligence of Defendants Warren Hospital and Dr. Mann, Trevor Miller has suffered financial, physical and emotional harm.

## COUNT I
## NEGLIGENCE OF WARREN HOSPITAL

34.     Plaintiff incorporates all preceding paragraphs by reference, as though fully set forth herein.

35.     As a direct and proximate result of the negligence, carelessness and misconduct of Warren Hospital, Trevor Miller has suffered injuries and losses.  Warren Hospital's negligence includes, but is not limited to:

    a)     Failure to properly diagnose Susan Miller's condition at the time of Trevor Miller's birth;

    b)     Failure to properly treat Susan Miller's condition at the time of Trevor Miller's birth;

c)   Failure to properly interpret tissue samples taken from Susan Miller at the time of Trevor Miller's birth;

d)   Failure to enact policies and procedures to protect unborn viable infants from contracting Group B. Strep;

e)   Failure to follow policies and procedures regarding the diagnosis and treatment of Group B Strep in mothers who are in labor and about to deliver;

f)   Failure to take steps necessary to insure that group b Strep was properly treated;

g)   Failure to protect Trevor Miller from developing Group b. Strep; and

h)   Failure to take prompt and adequate steps to treat Trevor Miller.

36.   Warren Hospital's negligence, carelessness and misconduct increased the harm that Trevor Miller would develop Group B Strep and suffer the harm attributable to that disease.

37.   As a direct and proximate result of the negligence and carelessness of Warren Hospital, Trevor Miller has suffered injury to the tissue, bones, nerves, circulatory system and fluid development and circulation systems to include the development of Group B. Strep all of which have led to loss of earning capacity, academic and cognitive disability, lost ability to pursue vocational and avocational interests, damage to an otherwise healthy body and the loss of life's pleasures.

38.   All of Plaintiff's damages are permanent and incapable of correction.

39.   As a direct and proximate result of the negligence and carelessness of Warren Hospital, Plaintiff, Trevor Miller does and will in the future require medical care, treatment, hospitalization, surgical procedures and such other medical needs associated with his hydrocephalus.

WHEREFORE, Plaintiff seeks an award of money damages in excess of  $150,000.00 together with such additional awards and damages that are appropriate based on the evidence developed during discover together with costs, interest and attorney fees where authorized by law.

## COUNT II
## NEGLIGENCE OF CHRISTOPHER MANN, M.D.

40.     Plaintiff incorporates all preceding paragraphs by reference, as though fully set forth herein.

41.     As a direct and proximate result of the negligence, carelessness and misconduct of Christopher Mann M.D, Trevor Miller has suffered injuries and losses.   Defendant's negligence includes, but is not limited to:

        a)     Failure to properly diagnose Susan Miller's condition at the time of Trevor Miller's birth;

        b)     Failure to properly treat Susan Miller's condition at the time of Trevor Miller's birth;

        c)     Failure to properly interpret tissue samples taken from Susan Miller at the time of Trevor Miller's birth;

        d)     Failure to enact policies and procedures to protect unborn viable infants from contracting Group B. Strep;

        e)     Failure to follow policies and procedures regarding the diagnosis and treatment of Group B Strep in mothers who are in labor and about to deliver;

        f)     Failure to take steps necessary to insure that group b Strep was properly treated;

        g)     Failure to protect Trevor Miller from developing Group B Strep; and

h)    Failure to take prompt and adequate steps to treat Trevor Miller.

42.    Dr. Mann's negligence. carelessness and misconduct increased the harm that Trevor Miller would develop Group B Strep and suffer the harm attributable to that disease.

43.    As a direct and proximate result of the negligence and carelessness of Dr. Mann, Trevor Miller has suffered injury to the tissue, bones, nerves, circulatory system and fluid development and circulation systems to include the development of Group B. Strep all of which have led to loss of earning capacity, academic and cognitive disability, lost ability to pursue vocational and avocational interests, damage to an otherwise healthy body and the loss of life's pleasures.

44.    All of Plaintiff's damages are permanent and incapable of correction.

45.    As a direct and proximate result of the negligence and carelessness of Dr. Mann, Plaintiff, Trevor Miller does and will in the future require medical care, treatment, hospitalization, surgical procedures and such other medical needs associated with his hydrocephalus.

WHEREFORE, Plaintiff seeks an award of money damages in excess of  $150,000.00 together with such additional awards and damages that are appropriate based on the evidence developed during discover together with costs, interest and attorney fees where authorized by law.

## DEMAND FOR JURY TRIAL

Plaintiff, Trevor Miller hereby demands trial by jury as to all issues.

HAINES & ASSOCIATES

By: _____
CLIFFORD E. HAINES. (Pa. ID 09882)
Widener Building, 5th Floor
Philadelphia, PA 19107
dd: 215.246.2201
f: 215.246.2211
chaines@haines-law.com

Dated:  June 15, 2015

JS 44 (Rev. 12/12) **CIVIL COVER SHEET** 5:15-cv-3357

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Trevor Miller

**DEFENDANTS**

Warren Hospital, IPA, PA and Christopher Mann, M.D.

**(b)** County of Residence of First Listed Plaintiff   Northampton
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Warren, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Clifford E. Haines, Haines & Associates, Widener Bldg, 5th Floor, 1339 Chestnut St., Philadelphia, PA 19107 (215) 246-2206

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ❏ 1 | U.S. Government Plaintiff | ❏ 3 Federal Question *(U.S. Government Not a Party)* |
| ☒ 2 | U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ☒ 4 |
| Citizen of Another State | ❏ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY**     **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane    ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product       Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument |       Liability    ❏ 367 Health Care/ | | | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 320 Assault, Libel &       Pharmaceutical       Slander        Personal Injury | | **PROPERTY RIGHTS** | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers'       Product Liability | | ❏ 820 Copyrights | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) |       Liability    ❏ 368 Asbestos Personal | | ❏ 830 Patent | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| | ❏ 340 Marine       Injury Product | | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 345 Marine Product       Liability         Liability | **LABOR** | **SOCIAL SECURITY** | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | **PERSONAL PROPERTY** | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 850 Securities/Commodities/ Exchange |
| | ❏ 350 Motor Vehicle    ❏ 370 Other Fraud | | ❏ 862 Black Lung (923) | |
| ❏ 190 Other Contract | ❏ 355 Motor Vehicle    ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 195 Contract Product Liability |       Product Liability   ❏ 380 Other Personal | | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 196 Franchise | ❏ 360 Other Personal       Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| |       Injury    ❏ 385 Property Damage | ❏ 751 Family and Medical Leave Act | | ❏ 895 Freedom of Information Act |
| | ☒ 362 Personal Injury -       Product Liability | | | ❏ 896 Arbitration |
| |       Medical Malpractice | ❏ 790 Other Labor Litigation | | |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights   **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ❏ 220 Foreclosure | ❏ 441 Voting    ❏ 463 Alien Detainee | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment   ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party 26 USC 7609 | |
| ❏ 240 Torts to Land | ❏ 443 Housing/       Sentence | | | |
| ❏ 245 Tort Product Liability |       Accommodations   ❏ 530 General | | | |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities -   ❏ 535 Death Penalty | **IMMIGRATION** | | |
| |       Employment     **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities -   ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| |       Other     ❏ 550 Civil Rights | | | |
| | ❏ 448 Education    ❏ 555 Prison Condition | | | |
| |       ❏ 560 Civil Detainee -       Conditions of       Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ❏ 2 Removed from State Court | ❏ 3 Remanded from Appellate Court | ❏ 4 Reinstated or Reopened | ❏ 5 Transferred from Another District *(specify)* | ❏ 6 Multidistrict Litigation |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Medical malpractice

**VII. REQUESTED IN COMPLAINT:**   ❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.   DEMAND $ greater than $150,000   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ❏ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE 06/15/2015   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1922 Vintage Dr., Euston PA 18045

Address of Defendant: 185 Roseberry Dr., Phillipsburg, NJ 08865

Place of Accident, Incident or Transaction: 185 Roseberry Dr., Phillipsburg, NJ 08865

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☑

Does this case involve multidistrict litigation possibilities?   Yes☐   No☑

RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☑ Other Personal Injury (Please specify) Medical Mal
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Clifford Haines, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 6/15/15   _____   09882
Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/15/15   _____   09882
Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CASE MANAGEMENT TRACK DESIGNATION FORM

Trevor    Miller                                    CIVIL ACTION

v.

Warren "Hospital IPA, PA,
et    al                                            NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                         (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                            (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.

6/15/15          Clifford E. Haines    Trevor Miller, Plaintiff
**Date**         **Attorney-at-law**      **Attorney for**
(215) 246-2200   (215) 246-2211    Chaines @Haines-law.com

**Telephone**        **FAX Number**          **E-Mail Address**

(Civ. 660) 10/02